### DARLEY *et al. v.* SMITH.

ATKINSON, J. An equitable suit was instituted by a widow in her individual capacity against certain persons alleged to be the children of her deceased husband by a former marriage. The petition alleged, that a statutory year's support had been set apart in a court of ordinary from her deceased husband's estate for the plaintiff and her two minor children, which among other property included a described tract of land; and that the plaintiff, while in ill health, ignorant, and inexperienced, was, by duress upon the part of the defendants, induced to execute to them a deed conveying the land, which deed she alleged to be void and of no force or effect; because: (*a*) It was without consideration. (*b*) It was obtained by duress consisting of threats to "burn her out" and kill her if she did not make the deed, and threats to take away her other property. (*c*) While the deed purports to be a gift, there was no reason for making the gift, and on account of her ignorance and inexperience she did not know its meaning. (*d*) When the paper was executed it did not contain the names of any grantees, and it was afterwards changed without her knowledge or consent by inserting the names of the defendants therein as grantees. The only prayer was for cancellation of the deed and for process. The plea of the defendants denied the substantial allegations of the petition, except the making of the deed. It was also alleged that the land was in fact the property of the defendant's mother, and that the deceased had no

interest therein except an undivided tenth part; inherited from his first wife. On the trial the evidence was conflicting upon all of the material allegations of the petition. *Held*, that it was erroneous to direct a verdict for the plaintiff. The pleadings did not make a question of right to cancel the deed on the ground that the widow was unauthorized by law to divert the property set apart as a year's support for herself and her minor children, by conveying it for other purposes. The judge seems to have been controlled, in directing the verdict, by the impression that such question was presented. It is unnecessary to decide whether, if presented, the judge would have been authorized, on the basis thereof, to direct a verdict against the defendants.

*Judgment reversed. All the Justices concur.*
No. 244. NOVEMBER 15, 1917.

Equitable petition. Before Judge Summerall. Coffee superior court. February 7, 1917.

*Lankford & Moore,* for plaintiffs in error.
*Levi O'Steen,* contra.